**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD L. TSOSIE,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 3:CV-10-2360** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **BUREAU OF PRISONS,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

## I.    Introduction

On November 8, 2010, Ronald L. Tsosie, a federal inmate formerly housed at

USP-Hazelton, in Bruceton Mills, West Virginia,[1] filed this action pursuant to the

Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671,[2] and the Indian Tucker Act, 28

U.S.C. § 1505, in the United States District Court for the Southern District of West

Virginia.  Plaintiff's Complaint concerns his December 21, 2008, transfer from USP-

Hazelton to USP-Canaan.  He alleges that he and others were denied access to

toilet facilities after requesting the same during their transfer.  He also alleges that

the transport officer drove the van at speeds in excess of 100 miles per hour on

---

[1]  Mr. Tsosie was housed at USP-Canaan, in Waymart, Pennsylvania when he filed the action.  He is presently housed at USP-Victorville, in Victorville, California.

[2]  For the convenience of the reader of this document in electronic format, hyperlinks to authority cited herein have been inserted.  The Court accepts no responsibility for, and does not endorse, any product, organization, or content any hyperlinked site, or at any site to which that site might be linked.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of this Court.

snow covered roads.  As none of the events complained of occurred within the Southern District of West Virginia, the case was transferred to the Middle District of Pennsylvania where USP-Canaan is located.  (Doc. 4, Transfer Order.)

Mr. Tsosie names the Federal Bureau of Prisons (BOP) and the "Employees of the United States" as Defendants.  (Doc. 1, Compl.)

The Defendants have filed a motion to dismiss under Fed. R. Civ. P. 12(b), contending Mr. Tsosie has not alleged facts sufficient to support a claim of physical injury based on the allegations of the Complaint, and alternatively, if he has made such a showing he has failed to identify damages or a causal link between any harm sustained and the alleged negligence of a government employee.  Finally, Defendants argue this Court lacks subject matter jurisdiction over Mr. Tsosie's claims brought pursuant to the Indian Tucker Act.  For the reasons that follow, the motion will be granted in part and denied in part.

## II.    Standard of Review

In considering a motion to dismiss, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted).  To survive a motion to dismiss, a complaint must allege sufficient facts, if accepted as true, state "a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929

(2007).  "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. at 678, 129 S.Ct. at 1949.  The court is " 'not bound to accept as true a legal conclusion couched as a factual allegation.' "  *Id.* at 678, 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965); *see also PA Prison Soc. v. Cortes*, 622 F.3d 215, 233 (3d Cir. 2010).

In resolving a motion to dismiss pursuant to Rule 12(b)(6), a district court's "inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged."  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  If a party opposing a motion to dismiss does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed."  *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).  However, under no circumstance is a court required to accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual

allegations.  *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See DelRio-Mocci v. Connonlly Prop., Inc.*, 672 F.3d 241, 251 (3d Cir. 2012).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### III.    Background

Plaintiff alleges as follows.  Mr. Tsosie is an "American Indian of the Navajo tribe."  (Doc. 1, Compl. at ECF p. 4.)  On December 21, 2008, he and two other Native American inmates were transferred, from USP-Hazelton to USP-Canaan. Their transport from USP-Hazelton to USP-Canaan, which included a stop at USP-Allenwood, lasted approximately 10 to 11 hours.  (*Id.*, ECF pp. 4-5.)  The van stopped at USP-Allenwood for about an hour.  During this time, the BOP staff had the opportunity to use the toilet but Mr. Tsosie and the other inmates did not.  (*Id.*, ECF p. 3.)  When requests were made to use the toilet, the inmates were told "We're almost their (sic)".  (*Id.*)  As a result, Mr. Tsosie suffered extreme kidney pain and had a painful bowel movement.  (*Id.*)

During the transport, the BOP officers driving the four wheel drive van were restrained in seat belts while the inmates were in hand and leg restraints.  (*Id.*, ECF p. 5.)  It was snowing that day and the roads were slushy.  (*Id.*)  The transport officer drove at speeds in excess of 100 miles per hour.  (*Id.*)  At one point during the trip, the van ran off the road because the window got covered with slush from other vehicles.  (*Id.*)  When Mr. Tsosie and the other inmates expressed their apprehension about the van driver's speed given the snowy road conditions, the officers just laughed.  (*Id.*)  Mr. Tsosie states he was in duress during the van ride because he thought they were going to wreck.  (*Id.*)

## IV.   Discussion

### A.   The Only Proper Defendant in an FTCA suit is the United States.

The Defendants argue that the BOP and the "Employees of the United States" must be dismissed from the action because the United States is the only proper party in an action pursuant to the FTCA.  Under the FTCA, the United States — not its agencies or employees — may be held liable for personal injury caused by the negligent or wrongful acts or omissions of a government employee acting within the scope of his or her office or employment.  28 U.S.C. § 2671 *et seq.*; 28 U.S.C.A § 1346(b); *see also Feaster v. Federal Bureau of* Prisons, 366 F. App'x 322, 323 (3d Cir. 2010) ("The only proper defendant in an FTCA suit is the United States itself); *CNA v. U.S.*, 535 F.3d 132, 138 (3d Cir. 2008)("The Government is the only proper defendant in a case brought under the FTCA.").  Plaintiff agrees that the United

States is the proper party to his FTCA claim and seeks permission to file an amended complaint to correct this error.  (Doc. 29, Pl.'s Opp'n Br. at ECF p. 4.) Accordingly, the Court will dismiss the BOP and the "Employees of the United States" as defendants in this action and grant Plaintiff's limited request to amend his Complaint to substitute the United States in their place.  No formal amended complaint is necessary or will be accepted.  The Court will direct the Clerk of Court to substitute the United States as the Defendant in this action.  Accordingly, the BOP and "Employees of the United States" are dismissed from this action and the United States stands as the sole Defendant in this action.

> **B.      Mr. Tsosie's Lack of Physical Injury Bars his FTCA Claims.**

"Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacity." *Treasurer of New Jersey v. U.S. Dept. of Treasury*, 684 F.3d 382 (3d Cir. 2012)(citing *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980)).  The FTCA abrogates the United States' sovereign immunity and allows the federal government to be held liable to the same extent as a private individual for certain torts committed by federal employees acting within the scope of their employment. *See Sosa v. Alvarez–Machain*, 542 U.S. 692, 700, 124 S.Ct. 2739, 2747, 159 L.Ed.2d 718 (2004); *White-Squire v. U.S. Postal Service*, 592 F.3d 453, 456 (3d Cir. 2010); 28 U.S.C. § 1346(b)(1).  Federal district courts have jurisdiction over civil actions against the United States for damages "for injury or loss

-6-

of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstance where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  Inmates are permitted to sue under the FTCA to recover damages from the United States for injuries that they suffered during confinement in a federal prison that resulted from the negligence of a government employee. *Rinaldi v. U.S.*, 460 F. App'x 80, 81 (3d Cir. 2012).

Congress has adopted a number of requirements and exceptions to the FTCA's waiver of sovereign immunity. *CNA*, 535 F.3d at 138.  The United States is not liable under the FTCA for money damages for suits arising out of constitutional violations. *Smith v. U.S.*, No. 12-1800, 2012 WL 3245347, *2 (3d Cir. Aug. 10, 2012)(citing *Couden v. Duffy*, 446 F.3d 483, 499 (3d Cir. 2006)).  Likewise, 28 U.S.C. § 1346(b)(2), provides that:

> No person convicted of a felony ... while serving a
> sentence may bring a civil action against the United
> States ... for mental or emotional injury suffered while in
> custody without a prior showing of physical injury.

28 U.S.C. § 1346(b)(2).  Similarly worded, and equally applicable to Mr. Tsosie's claim, is the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, which also restricts a prisoner's ability to recover compensatory damages for solely mental and emotional injuries.  "No Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of

physical injury." 42 U.S.C. § 1997e(e).  The Third Circuit Court of Appeals in

*Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003), held that in order to satisfy

§ 1997e(e)'s physical injury requirement, a plaintiff must demonstrate a less than

significant, but more than *de minimis* physical injury.  *Id*. at 536.  The physical injury

requirement in 28 U.S.C. § 1346(b)(2) is similar to that of 42 U.S.C. § 1997e(e).

See *Michtavi v. United States*, No. 4:07-CV-0628, 2009 WL 578535, *5 n.2 (M.D.

Pa. Mar. 4, 2009)("Given the similarities between § 1346(b)(2) and § 1997e(e), and

given that the PLRA also applies to Michtavi's claims, the Court will rely upon cases

interpreting either statute.")(citing *Perez v. United States*, 271 F. App'x 240, 242 (3d

Cir. 2008)).  Thus, both the FTCA and the PLRA preclude a convicted felon's action

for mental and emotional injuries without a showing of a prior physical injury.

        Mr. Tsosie raises two FTCA claims.  First, he alleging that during the course

of his 10 to 11 hour transport from USP-Hazelton to USP-Canaan, when he

requested to use the restroom, the BOP officers advised him "We're almost their

(sic)."  (Doc. 1, ECF p. 3.)  He claims the denial of access to a restroom for an

extended period of time gave rise to the state-law torts of negligence and the

deprivation of minimal civilized measures of life's necessities.  (*Id*.)  As a result of

this deprivation, Mr. Tsosie suffered "[e]xtreme pain to kidneys and difficult, painful

bowel movement after 10 to 11 hours."  (*Id*.)  In his second FTCA claim, Mr. Tsosie

claims intentional infliction of emotional distress due to the transport officer's

negligent operation of the van at speeds in excess of 100 miles per hour on snowy

and wet roads.  (Doc. 1, ECF p. 5.)  He claims the following injury as a result of

these actions: "I was in duress as I thought we was going to wreck while in this four wheel van."  (*Id.*)  Defendant argues that none of Mr. Tsosie's injuries are sufficient to establish more than a *de minimis* injury for the purpose of 28 U.S.C. § 1346(b), therefore, his FTCA claims should be dismissed.  The Court agrees.

As alleged by Plaintiff, when he advised the BOP staff of his need to use the restroom, he was told "[w]e're almost their (sic)".  (Doc. 1, ECF p. 3.)  Although Mr. Tsosie alleges that he suffered great discomfort until permitted to use the restroom upon his arrival at USP-Canaan, he apparently did not soil himself during the course of the trip.  While the Court does not negate Mr. Tsosie's discomfort of a full bladder or painful bowel movement, however, case law holds that the temporary discomfort of a full bladder and mild constipation does not rise past the level of a *de minimis* injury.  *See Jarriet v. Wilson,* 162 F. App'x 394, 401 (6th Cir. 2005)(swelling, pain, and cramps are insufficient to establish more than *de minimis* injury for purposes of § 1997e(e)); *Jarrell v. Seal*, 110 F. App'x 455 (5th Cir. 2004)(inmate urinated on himself during court appearance because no defendant would escort him to restroom failed to demonstrate "he suffered any physical injury that was not *de minimis*."); *Ellerbe v. U.S.*, No. 4:09-CV-2226, 2011 WL4361617, *5 (N.D. Ohio Sept. 19, 2011)(inmate denied access to lavatory defecated in visiting area claimed torture, dizziness, fatigue, constipation, memory loss and diarrhea, all found to be *de minimis* ailments and insufficient to maintain viable FTCA claim); *and Canell v. Multnomah Cnty*, 141 F. Supp.2d 1046, 1053-54 (D. Or. 2001)(allegations of foot fungus, nose sores and constipation amounted only to *de minimus* injuries

precluding relief for compensatory damages under § 1997e(e)).  In the instant case,

Mr. Tsosie's bladder and bowel discomfort was temporary in nature and does not

amount to more than *de minimis* phyiscal injuries which are insufficient to maintain a

viable FTCA claim.[3]

      Next, with respect to Mr. Tsosie's claim for the intentional infliction of

emotional distress due to the duress he suffered as a result of the transport driver's

alleged negligent operation of the four wheel drive van while it was snowing, Plaintiff

does not allege he suffered any physical injury as a result of this event.  The

transport vehicle, in which BOP staff and two other inmates aside from Mr. Tsosie

were riding in, did not crash or wreck.  Plaintiff neither claims nor alleges facts to

remotely suggest a physical injury arising from the BOP employee's alleged

negligent operation of the van during his transport.  Consequently, the United States

is entitled to dismissal of Mr. Tsosie's FTCA claims because he fails to meet the

physical injury requirements of 28 U.S.C. § 1346(b)(2).[4]

---

   [3]  Mr. Tsosie asserts for the first time in his opposition brief that he never had a gallbladder problem prior to this December 2008 incident.  This information does not alter our findings today.  *See* Doc. 29, ECF p. 6.  Mr. Tsosie submits the results of a January 3, 2012, medical study which reflects that he presently suffers from an "[a]bnormally low gallbadder ejection fraction."  This test was conducted after he initiated this action, and several years after the transport at issue in this case.  Even with this information, Mr. Torres does not suggest how this medical finding is the result of the transport officer's actions of waiting to stop to allow Mr. Tsosie to use the restroom as they were nearing their destination on that one day almost three years prior to the medical study.  *See Id.*; Doc. 29-1, ECF p. 1.  To the extent he seeks to convert this claim into a constitutional tort claim, he may not do so pursuant to the FTCA.  *See Couden*, *supra.*

   [4]  Because this conclusion is dispositive of Mr. Tsosie's FTCA claims, the Court declines to address the remaining issues in the motion to dismiss (a merits analysis of each FTCA claims).

**C.    Mr. Tsosie's Negligence Claim under the Indian Tucker Act.**

The Indian Tucker Act, 28 U.S.C. § 1505, provides:

> The United States Court of Federal Claims shall have jurisdiction of any claim against the United States accruing after August 1, 1946, in favor of any tribe, band, or other identifiable group of American Indians residing within the territorial limits of the United States or Alaska whenever such claim is one arising under the Constitution, laws or treaties of the United States, or Executive orders of the President, or is one which otherwise would be cognizable in the Court of Federal Claims if the claimant were not an Indian tribe, band or group.

28 U.S.C. § 1505.  "Thus, the Indian Tucker Act 'allows a Native American tribe to bring suit in the Court of Federal Claims like any other plaintiff." *Lower Brule Sioux Tribe v. U.S.*, 102 Fed. Cl. 421, 423-424 (2011).  "To state a cognizable claim under the Indian Tucker Act, 'a Tribe must identify a substantive source of law that establishes specific fiduciary or other duties, and allege that the Government has failed faithfully to perform those duties.'" *Shoshone Indian Tribe of Wind River Reservation, Wyo. v. U.S.*, 672 F.3d 1021 (Fed. Cir. 2012)(citing *United States v. Navajo Nation*, 537 U.S. 488, 506, 123 S.Ct. 1079, 1091, 155 L.Ed.2d 60 (2003)).

In this case, Mr. Tsosie identifies himself as a Native American, specifically a member of the Navajo tribe.  Defendants claim that this Court does not have jurisdiction over Plaintiff's claims under § 1505.  We agree.  The Indian Tucker Act only provides a remedy for claims made by "any tribe, band, or other identifiable group of American Indians."  28 U.S.C. § 1505.  Mr. Tsosie has filed his claim for alleged wrongs on behalf of himself as an individual, not a s tribe, band or group of

Native Americans.  However, Mr. Tsosie argues that his Indian Tucker Act claim is brought on behalf of himself and the two other Native Americans, or the "group" of Native Americans, who were transported on December 21, 2008.  (Doc. 29, ECF p. 8.)  This assertion is unsupported as Mr. Tsosie stands as the only Plaintiff in this action.  Accepting Mr. Tsosie's assertion that the other two inmates transported that day were also members of Indian tribes, and thus all subjected to the same events during transport, there is no indication that the other two inmates seek, or have agreed to, participate in this action.  Thus, to the extent Mr. Tsosie seeks to bring an individual claim pursuant to 28 U.S.C. § 1505, it is not viable and the Court lacks jurisdiction over this claim.  *See Whiting v. U.S.,* 99 Fed. Cl. 13, 16 (2011); *Fields v. United States*, 423 F.2d 380, 383 (Ct. Cl. 1970).

An appropriate order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: September 27, 2012**